UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

BEVERLY ANN LAVIGNE,

Debtor.

Chapter 11
Case No. 16-20035

# ORDER DENYING BEVERLY ANN LAVIGNE'S
## PETITION TO REOPEN CASE

This matter came before the court on the July 27, 2021 "Petition to 'Re-open Case'" filed by Beverly Ann Lavigne (the "Petition to Reopen"). Docket Entry ("DE") 50. For the reasons set forth here, the Petition to Reopen is denied.

## FACTS

Ms. Lavigne filed this chapter 11 case on January 28, 2016. DE 1. It was her third bankruptcy case in less than fourteen months. Her first case was dismissed because she failed to comply with an order to file various schedules and statements. Case No. 14-20953 – DE 14. She sought to reopen that case, but her motion was never acted upon because she never paid the required filing fee despite communication from the clerk of the bankruptcy court. Case No. 14-20953 – DE 19. Similarly, her second case was dismissed for the same reason. Case No. 15-20491 – DE 83. And, likewise, her motion to reopen that case was never acted upon because she never paid the required filing fee despite communication from the clerk of the bankruptcy court. Case No. 15-20491 - DE 100.

On February 5, 2019, given that Ms. Lavigne repeated her earlier refusals to comply with court orders to file certain documents required by the Code,[1] the court dismissed this case. DE 13. Ms. Lavigne unsuccessfully appealed the dismissal to the United States District Court for the District of Maine and then to the United States Court of Appeals for the First Circuit. DEs 30 and 34. Following the district court's dismissal of her appeal but before the entry of the court of appeals' affirmance of the dismissal, this case was administratively closed on September 5, 2018. Given the pendency of the appeal before the court of appeals, it should have been left open. On April 17, 2019, the court of appeals affirmed this court's dismissal of Ms. Lavigne's case. DE 34. And, on May 3, 2019, the clerk's office rectified the erroneous closing by administratively reopening it and then properly closed the case on July 22, 2019 following the entry of the judgment and mandate of the court of appeals.

Three months later, Ms. Lavigne commenced her first effort to reopen this case. DE 35. That motion was denied on October 30, 2019 because the court could not discern a proper basis under § 350(b). DE 40. Specifically, her motion (a) did not allege that an asset needed to be administered, (b) was unclear and vague, (c) complained of administrative actions by the clerk's office that did not implicate any of her substantive rights, and (d) concerned arguments she unsuccessfully presented to the district court and the court of appeals.

At the end of July 2021, Ms. Lavigne filed the Petition to Reopen[2] - over two years after the case was properly closed and almost twenty-one months after the court denied her first

---

[1] The term "Code" and the "§" symbol refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended.

[2] The Petition to Reopen includes four attachments. The first looks to be an older copy of a form pleading from 15A Am. Jur. Pleading and Practice Forms, Judgments § 361 (March 2021 update) with handwritten additions. The second attachment is a handwritten modification of an older version of the State of Maine Judicial Branch, Form FM-071 - Objection to Final Order of Magistrate (M.R.Civ.P.

attempt to reopen this case. She also filed a supplemental document in support. DE 54. Based upon these papers, it appears that her second attempt to reopen is largely premised on several assertions. She claims that her case was not allowed to advance and that there were errors that have not been corrected. For example, she asserts that a party wrongfully and criminally attempted to and did transfer certain property. She also maintains she was not properly notified about the 2019 closing and opening of her bankruptcy case.

## APPLICABLE STANDARDS

"A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. The Code permits the reopening of closed bankruptcy cases "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision to reopen a case depends upon the particularities of the case in question and lies in the sole discretion of the bankruptcy judge. In re Binette, 2019 WL 1402731, at *4 (B.A.P. 1st Cir. Mar. 26, 2019). "Motions to reopen generally involve a weighing of competing policy considerations: the bankruptcy policy of providing a deserving debtor with a fresh start; and the bankruptcy policy of providing, in an expedient manner, 'finality' to those disputes which arise between debtors and creditors." In re Gagne, 2010 WL 5209243, at *1 (Bankr. D. Me. Dec. 16, 2010) (internal quotations and citations omitted). In evaluating requests to reopen, courts weigh various factors, such as

> the length of time that the case was closed ...; whether a nonbankruptcy forum, such as state court, has the ability to determine the issue sought to be posed by the debtor ...; whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post bankruptcy, of the parties; whether any parties would be prejudiced were the case reopened or not reopened; the extent of the benefit which the debtor seeks to achieve by reopening; and whether it is clear at the outset that the debtor would not be entitled to any relief after the case were reopened.

---

118(a)). The third is Ms. Lavigne's self-styled affidavit. The final is an excerpt from the docket of this case.

In re Crocker, 362 B.R. 49, 53 (B.A.P. 1st Cir. 2007) (citing In re Otto, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004)).

     A court should deny a motion to reopen if the reopening would be futile or would serve no purpose.  In re Ludvigsen, 2015 WL 3733193, at *4 (B.A.P. 1st Cir. Jan. 16, 2015); In re Weber, 283 B.R. 630, 633 (Bankr.D.Mass.2002); In re Cruz, 2019 WL 7403864, at *1 (Bankr. D.P.R. Nov. 26, 2019).  Finally, the party seeking to reopen the case bears the burden of establishing that a sufficient basis exists to do so.  Colonial Sur. Co. v. Weizman, 564 F.3d 526, 532 (1st Cir. 2009); In re Binette, 2019 WL 1402731, at *4.  *See also* 2 Barry Russell, Bankruptcy Evidence Manuel, § 301:45 (2020 - 2021 ed.).

## DISCUSSION

     After considering the reasons stated by Ms. Lavigne in support of her second request to reopen in the light of the standards required by the Code and applicable case law, this court, as with her first request, cannot divine any proper reason to grant the motion.  This second request comes over two years after the case was closed.  It does not purport that there are any assets to administer.  And, although §350(b) permits a reopening to "accord relief to the debtor", much of the relief that Ms. Lavigne seeks here, such as the correction of alleged errors in the appeal to the district court, is beyond the scope of what this court could provide or has already been addressed through the appellate process, albeit not to Ms. Lavigne's liking.  Further, it would serve no purpose to reopen this case to permit Ms. Lavigne to complain about administrative closing of the case on September 5, 2018.  That closing did not affect Ms. Lavigne's substantive rights in any way.  She received the process she was due, and her appeal proceeded in the court of appeals through judgment, notwithstanding the entry on the docket that this case was closed.  She has not

alleged any action she would have taken in this court which was prevented or thwarted by the notation on the docket that the case was closed.

Finally, in evaluating a motion to reopen, the implications of reopening on parties other than the movant must also be contemplated. Here, the interest of other parties caught up in Ms. Lavigne's bankruptcy, such as Gail Ferry, Viviane Savage, Jumbo Lavigne, and Joseph O'Donnell, weigh in favor of finality and one step away from that end would be to reopen this case.

Simply put, Ms. Lavigne has failed to meet her burden of establishing sufficient cause to reopen this case.

## CONCLUSION

The Petition to Reopen is **DENIED**.

Dated: August 25, 2021                    /s/ Peter G. Cary
                                                                        Judge Peter G. Cary
                                                                        United States Bankruptcy Court